IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 07-cv-00122-MSK-BNB

RICHARD A. DAVIS, individually and as a minority shareholder and derivatively as a
shareholder of Golden Eagle Service Center, Inc.,

Plaintiff,

v.

RONALD BIFANI, individually and as a majority shareholder and as director of Golden Eagle
Service Center, Inc.,

Defendant.

_____

**ORDER**
_____

This matter is before me on the **Motion to Compel Defendant to Provide a Locus for**

**Service of Process and Relief from the Requirements for the Parties to Confer Before the**

**Scheduling Conference** [Doc. # 10, filed 3/6/2007] (the "Motion").  The Motion is GRANTED

IN PART and DENIED IN PART.

The Motion seeks relief in two distinct areas.  First, the plaintiff asks that I "[o]rder

Mr. Bifani to provide a locus for service of process."  Local rule of practice 10.1K,

D.C.COLO.LCiv R, requires in relevant part:

> **Signature Block.**  The name, current mailing address, and
> telephone number of any attorney of record or pro se party filing a
> paper shall be typed in a signature block at the end of the paper.  A
> post office box number will be accepted as a mailing address, but a
> street address also must be provided.

Mr. Bifani has appeared in this action, *pro se*, and has filed an answer and counterclaims. [Doc. # 8, filed 2/23/07]. In partial compliance with the requirements of Local Rule 10.1K, the answer and counterclaims contains a signature block, as follows:

> Respectfully Submitted,
> Ronald Bifani
> POB 1991
> Breckenridge, Colorado 80424.

The signature block fails to contain Mr. Bifani's current telephone number or street address, however, both of which also are required.

The plaintiff also states in the Motion that Mr. Bifani has indicated that the post office box provided in the signature block of the answer and counterclaims is not current and is unreliable:

> In Mr. Bifani's answer to the Complaint he maintains that he does not reside at the 207 North Ridge Road in Breckenridge, Colorado address and only receives mail sporadically at P.O. Box 1991, Breckenridge, CO 80424
>
> "'Collection And Receipt of U.S. Mail is Sporadic, Is Not Effective And Definitely Not A Reliable Place of Service. Bifani Lives in France Between April And November.' (all but the winter)"

*Motion*, ¶6. Local rule of practice 10.1M, D.C.COLO.LCivR, requires a *pro se* party such as Mr. Bifani to notify the court of any change of address:

> Within ten days after any change of address, telephone number or e-mail address of any attorney or pro se party, notice of the new address, telephone number or e-mail address shall be filed.

Mr. Bifani, as all *pro se* litigants, is required to comply with the Federal Rules of Civil Procedure, the local rules of practice of this court, and orders of the court. His failure to do so may result in the imposition of severe sanctions, including judgment by default. Consequently,

2

Mr. Bifani must comply with the requirements of D.C.COLO.LCiv R 10.1K and must notify the

court, on or before **March 22, 2007**, of his current mailing address, telephone number, and street

address.  In addition, I caution Mr. Bifani that his failure to comply with the requirements of

D.C.COLO.LCivR 10.1M to notify the court within ten days after any change of address,

telephone number or e-mail may also result in the imposition of sanctions.

At this time, however, I understand that Mr. Bifani's current mailing address is the post

office box indicated in the signature block of the answer and counterclaims, and service is proper

there.  Fed. R. Civ. P. 5(b)(2)(B) (providing that service on a *pro se* party "subsequent to the

original complaint" is made by "[m]ailing a copy to the last known address of the person served,"

and "[s]ervice by mail is complete on mailing").

Secondly, plaintiff's counsel requests to be relieved of the obligation to confer before the

scheduling conference and of the requirement to submit a joint proposed scheduling order.  As

grounds for this relief, plaintiff's counsel states that although Mr. Bifani is proceeding *pro se* here,

he is represented by counsel in a closely related state court proceeding.  According to plaintiff's

counsel:

> Because of similarities in the Federal and State Court cases,
> Plaintiff counsel cannot confer directly with Mr. Bifani because of
> his representation by counsel in the State Court case.

*Motion*, ¶12.

Local rule of practice 7.1A, D.C.COLO.LCivR, requires consultation between the parties

prior to the filing of any motion.  In addition, the parties must conduct a Rule 26(f) conference;

must confer in connection with scheduling depositions; and must confer to prepare a joint

proposed scheduling order and, eventually, a joint proposed final pretrial order.  Consequently,

3

plaintiff's counsel and Mr. Bifani will have to communicate regularly as this case proceeds, if Mr.

Bifani continues to act *pro se*.  Nor is such contact prohibited.  To the contrary, Colorado Rule of

Professional Conduct 4.2 provides:

> In representing a client, a lawyer shall not communicate about the
> subject of the representation with a party the lawyer knows to be
> represented by another lawyer *in the matter*, unless the lawyer has
> the consent of the other lawyer or is authorized by law to do so.

(Emphasis added.)  In this federal court matter, Mr. Bifani has chosen to proceed *pro se* and is

not represented by a lawyer.  Consequently, plaintiff's counsel does not violate Rule 4.2, so long

as his communications with Mr. Bifani concern matters necessary to the conduct of *this* suit, even

though there may be some overlap with the related state court suit.

Unrepresented litigants are at a distinct disadvantage, but Rule 4.2 is not designed to

paralyze a represented party from preparing its case or to frustrate this court in processing the

matter.  Thus, although plaintiff's counsel may communicate with Bifani as indicated above, and

the case will proceed even though Mr. Bifani is acting *pro se*, I nonetheless recommend that Mr.

Bifani retain counsel to represent him here.

IT IS ORDERED that the Motion is GRANTED IN PART and DENIED IN PART, as

follows:

GRANTED to require Mr. Bifani to notify the court, on or before **March 22, 2007**, of his

current mailing address, telephone number, and street address; and

DENIED in all other respects, including the request by plaintiff's counsel to be excused from the obligation to conduct a Rule 26(f) conference, to confer in advance of the scheduling conference, and to submit a joint proposed scheduling order in advance of the scheduling conference.

Dated March 8, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

5