IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00122-MEH-BNB

RICHARD A. DAVIS, individually and as a minority shareholder and derivatively as a shareholder of Golden Eagle Service Center, Inc.,

      Plaintiff,

v.

RONALD BIFANI, individually and as the majority shareholder and director of Golden Eagle Service Center, Inc.,

      Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO DISQUALIFY DONALD RAY ZELKIND AS ATTORNEY OF RECORD FOR PLAINTIFF RICHARD A. DAVIS**

---

This lawsuit involves a business relationship between Plaintiff and Defendant that soured. The parties jointly owned and operated Golden Eagle Service Center, Inc. Defendant alleges that after the parties' dispute arose, Plaintiff's counsel, Mr. Zelkind, engaged in negotiations to finance Defendant in taking over the business. Defendant contends that Zelkind will be called as a witness. Plaintiff contends that he is aware of the potential conflict and has knowingly waived it.

A motion to disqualify counsel is addressed to the sound discretion of the district court. *Greenebaum-Mountain Mortgage Co. v. Pioneer National Title Ins. Co.*, 421 F. Supp. 1348 (D. Colo. 1976). The District of Colorado has adopted Colorado's Code of Professional Responsibility under D.C.COLO.LCivR 83.4. Accordingly, the interpretation and application of those rules by the state appellate courts are highly instructive in matters of attorney disqualification. Based on the Colorado Supreme Court's decision in *Fognani v. Young*, 115 P.3d 1268 (Colo. 2005), the Court believes that the Defendant's motion has merit. However, under that opinion, even when a potential

conflict exists, the trial court may permit the attorney to continue his representation during such pretrial activities as "strategy sessions, pretrial hearings, mediation conferences, motions practice and written discovery," *id.* at 1276, although not to the extent of participating in pretrial activities that could be admissible at trial and that would reveal the lawyer's dual role to the jury (for example, taking a deposition that might be admissible at trial). *Id.* Because the importance of Mr. Zelkind's role as a witness is not yet certain, and because the case is still in its infancy, the Court believes that the appropriate course is to deny the motion without prejudice, subject to Defendant's raising the issue at an appropriate time closer to trial. Plaintiff's counsel should be advised that if it is clear to the Court that his testimony will be important at trial, disqualification from representing Plaintiff at trial will be the likely result.

Therefore, for the foregoing reasons, the motion to disqualify (Docket #25; filed April 2, 2007) is **denied** without prejudice.

Dated at Denver, Colorado, this 24th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge