IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00122-MEH-BNB

RICHARD A. DAVIS, individually and as a minority shareholder and derivatively as a shareholder of Golden Eagle Service Center, Inc.,

    Plaintiff,

v.

RONALD BIFANI, individually and as the majority shareholder and director of Golden Eagle Service Center, Inc.,

    Defendant.

## ORDER ON DEFENDANT'S MOTION "TO OPPOSE PLAINTIFF'S REQUEST FOR COURT'S EXERCISE OF ANCILLARY JURISDICTION"

Defendant has filed a "motion" opposing this Court's exercise of ancillary jurisdiction over certain claims that are currently being litigated in Colorado state court. This motion, filed *pro se*, essentially seeks to strike or dismiss any claims that were pleaded in a parallel state court action and are currently pending in the state court. The Complaint in this case, drafted by counsel, has a section at the end denominated "IV. Ancillary Jurisdiction." It contains a procedural history of a parallel state court action that was filed in 2001. This section of the Complaint does not state any factual allegations in support of a claim for relief. The wording of the procedural history essentially criticizes a state court judge for delays in the case and for the substantive decisions made by the judge. At the end, the Plaintiff states:

> Yet, in the efficient administration of justice and to avoid any possible local bias, the Plaintiff urges this honorable court to exercise its Ancillary Jurisdiction and join the pending state claims (the state court pleadings are attached) and award damages and remedies accordingly.

Complaint at 5. The question before the Court is whether Plaintiff should be permitted to incorporate by reference all the claims in a separate, though parallel, action.

First, it is clear that there is no jurisdictional or equitable bar to maintaining parallel actions in state and federal court. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1142 (10th Cir. 2006). Further, Fed. R. Civ. P. 10(c) permits the Plaintiff to incorporate by reference allegations made within the same pleading, as well as allegations made in other pleadings in the case. However, the Court does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action, even if that action is between the same parties. C. WRIGHT & A. MILLER, 5A FEDERAL PRACTICE & PROCEDURE § 1326; *Texas Water Supply Corp. v. Reconstruction Finance Corp.*, 204 F.2d 190, 196-97 (5th Cir. 1953). Such a practice violates the requirements of Fed. R. Civ. P. 8(a) requiring a short and plain statement of the claim. The Court believes that the section of the Complaint titled "Ancillary Jurisdiction" should be stricken for noncompliance with Rule 8(a). The Court does not believe that it should be required to look to a separate complaint filed years ago in Colorado state court and determine exactly what additional claims for relief Plaintiff intends to plead in this case.

While the Defendant presents his motion under Fed. R. Civ. P. 18, which concerns joinder, the relief he requests is clear and falls within the scope of Fed. R. Civ. P. 8(a). Because the Defendant is proceeding without counsel, the Court must construe his pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally:

> Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.

*Castro v. United States*, 540 U.S. 375, 381-82 (2003).

In this instance, the relief sought by the *pro se* Defendant is more appropriately found under Fed.R.Civ.P. 8(a), and the Court will therefore strike that portion of the Plaintiff's Complaint titled "Ancillary Jurisdiction" for failure to provide a short and plain statement of the claims.

Accordingly, based on the foregoing and the entire record herein, it is ORDERED that the Defendant's Motion to Oppose Plaintiff's Request for Court's Exercise of Ancillary Jurisdiction [Filed April 2, 2007; Docket #26] is **recharacterized** and **construed** as a motion to strike a portion of the Plaintiff's Complaint, and is **granted.** It is further ORDERED that the portion of the Plaintiff's Complaint titled "VI. Ancillary Jurisdiction" is hereby **stricken** from the Plaintiff's Complaint, and this action shall proceed solely on the claims which are fully set forth in Sections II and III of the Complaint.

Dated at Denver, Colorado, this 24th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge