IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00122-MEH-BNB

RICHARD A. DAVIS, individually and as a minority shareholder and derivatively as a shareholder of Golden Eagle Service Center, Inc.,

    Plaintiff,

v.

RONALD BIFANI, individually and as the majority shareholder and director of Golden Eagle Service Center, Inc.,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6); RULE 12(c) AND FOR SUMMARY JUDGMENT UNDER RULE 56, F.R.C.P.**

---

Defendant has filed a motion to dismiss or for summary judgment based on an allegation that Plaintiff lacks standing to bring this action [Docket #24]. Defendant contends that because Plaintiff allegedly turned in his shares to the Golden Eagle Service Center, Inc. and is no longer a shareholder in the joint venture, he does not have standing to sue. Plaintiff has put forward an affidavit that disputes the facts alleged by Defendant, in relevant part that the Plaintiff did not surrender his stock certificates at or after a February 20, 2000 meeting. Moreover, Plaintiff alleges that Defendant has doctored certain stock certificates in order to misrepresent that Defendant surrendered his certificates. Further, it appears that the issue of Plaintiff's status as a shareholder is a contested issue presently before the Summit County, Colorado district court in a parallel action.

Under Tenth Circuit precedent, dismissal based on lack of standing is jurisdictional and should be brought under Fed. R. Civ. P. 12(b)(1), *Colorado Environmental Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). However, that is of no consequence here, because the Court finds that

there are significant factual disputes which preclude any dispositive ruling at this time. Moreover, the Complaint alleges fraud against Defendant in his individual and representative capacities. To the extent that Defendant allegedly committed fraud against Plaintiff, Plaintiff's status as a shareholder in the corporate entity would not necessarily be dispositive of whether Defendant defrauded him. In addition, a motion for summary judgment at this stage of the case is premature.

WHEREFORE, for the reasons stated herein, Defendant's Motion to Dismiss [Docket #24; filed April 2, 2007] is **denied**. Defendant's alternative Motion for Summary Judgment is **denied** without prejudice.

Dated at Denver, Colorado, this 25th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge