IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00122-MEH-BNB

RICHARD A. DAVIS, individually and as a minority shareholder and derivatively as a shareholder of Golden Eagle Service Center, Inc.,

    Plaintiff

v.

RONALD BIFANI, individually and as the majority shareholder and director of Golden Eagle Service Center, Inc.,

    Defendant.

---

## ORDER DENYING MOTION TO DISMISS AND CLOSING CASE

---

Defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) [Docket #70; filed July 31, 2007] based on a recent decision in the Colorado state courts, *Davis v. Bifani*, No. 2001CV126 (Summit Co. Dist. Ct. July 19, 2007), which found that Plaintiff has not been a shareholder of the Golden Eagle Service Center, Inc. since at least February 2000. Defendant argues that the conclusion reached in the state court case is dispositive of Plaintiff's claims here, because it eliminates any standing for Plaintiff to pursue this lawsuit. Plaintiff does not disagree with the legal effect of the state court's ruling *if it stands on appeal*. However, Plaintiff has appealed the decision and cites the Colorado Supreme Court in *Rantz v. Kaufman*, 109 P.3d 132, 142 (Colo. 2005) for the proposition that "for purposes of issue preclusion, a judgment that is still pending on appeal is not final."

This Court is presented with a case, the disposition of which is dependant upon an issue currently pending before the Colorado appellate courts. It does not promote judicial efficiency to

expend private and public resources in a lawsuit that could be rendered moot at any time by a decision of the state courts, nor does this Court have any interest in rendering decisions on issues of state law that might conflict with the Colorado appellate courts. Therefore, this case should be closed (and Plaintiff's rights preserved) pending final disposition in the Colorado state courts. Such closure is a purely administrative act and has no effect on the rights or claims of the parties. *See Crystal Clear Communs., Inc. v. Southwestern*, 415 F.3d 1171, 1176 (10th Cir. 2005); *see also Mickeviciute v. I.N.S.*, 327 F.3d 1159, 1161, n. 1 (10th Cir. 2003). Pursuant to D.C. Colo. LCivR. 41.2, either party may reopen the case for good cause upon the conclusion of the state court litigation, without payment of another filing fee or the filing of an additional pleading.

WHEREFORE, for the reasons stated herein, Defendant's Motion to Dismiss (Docket #70; filed July 31, 2007) is **denied**. The Clerk of the Court is directed to **close this case** pursuant to D.C. Colo. LCivR 41.2.

Dated at Denver, Colorado, this 29th day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge